UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**ANDRE L. SHEFFIELD,**

    **Plaintiff,**

v.                                             **Case No. 5:23cv238-TKW-MJF**

**MICHAEL BROWN, et al.,**

    **Defendants.**

_____/

# ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 12) and Plaintiff's "Motion to Reconsider Magistrate Judge's Erroneous Prejudice Report and Recommendation" (Doc. 13). Plaintiff's motion will be treated as an objection under Fed. R. Civ. P. 72(b)(2).

The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review the Court agrees with the magistrate judge's determination that this case should be dismissed as malicious based on Plaintiff's failure to fully disclose his litigation history. *See Burrell v. Moore*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of

perjury...."). None of the arguments in Plaintiff's objection undermine that conclusion.

First, with respect to Plaintiff's argument that the magistrate judge is "peace mealing" him by "dismiss[ing] for this on this occasion, that on the next, etc., etc." because the magistrate judge did not mention the two First District Court of Appeal (1st DCA) cases that he failed to disclose in the amended complaint in this case when he dismissed Plaintiff's prior case, a review of the complaint in the prior case shows that Plaintiff disclosed the 1st DCA cases in that complaint. *See Sheffield v. Brown*, Case No. 4:22cv409, ECF Doc. 1 at 18. Thus, there was no reason for the magistrate judge to mention the 1st DCA cases in the dismissal order in the prior case. The fact that Plaintiff previously disclosed the 1st DCA cases he omitted from the amended complaint in this case does not help Plaintiff because this is a separate case and the amended complaint must be evaluated based on what is disclosed (or not) in it, not what was disclosed (or not) in the original complaint in this case or a complaint in a prior case. *See Johnson v. Burch*, 2019 WL 4596569, at *1 (N.D. Fla. Sept. 23, 2019) ("[T]he fact that Plaintiff may have disclosed some of his litigation history in his original complaint does not excuse his failure to do so in the amended complaint, nor does it undermine the disposition recommend by the magistrate judge.").

Second, with respect to Plaintiff's argument that the magistrate judge is biased against him based on his rulings in this and the prior cases, it is well established that

prior adverse rulings, without more, do not require disqualification of a judge. *See Liteky v. United States*, 510 U.S. 540, 550-56 (1994); *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004). Here, aside from the prior adverse rulings, Plaintiff offers nothing more than speculation to support his claim that the magistrate judge is biased against him. Additionally, the fact that different district judges dismissed Plaintiff's prior cases after de novo review of his objections to the Reports and Recommendations in those cases militates against a finding of bias based on the magistrate judge's prior rulings. *See Sheffield v. Brown*, 2023 WL 5401884 (N.D. Fla. Aug. 22, 2023) (No. 5:23cv192) (Wetherell, J.); *Sheffield v. Brown*, 2023 WL 1781806 (N.D. Fla. Feb. 6, 2023) (No. 4:22cv409) (Winsor, J.).

Third, with respect to Plaintiff's argument that he does not have access to a computer and that his disclosed his prior cases to the "best of [his] ability," that does not change the fact that his answer to the litigation history question on the civil rights complaint form was untruthful.[1] Moreover, even if (as Plaintiff claims) his legal materials have been "misplaced," there is no reason that he could not have obtained a print-out of his prior cases from the Clerk of the 1st DCA and attached it to a complaint before he filed suit like he did for his prior cases in the Middle District of

---

[1] The Court did not overlook that Plaintiff included a statement in the amended complaint that "[t]o the best of my knowledge, everything is correct in this complaint," Doc. 11 at 31 (emphasis added), does not help Plaintiff because he separately attested "under penalty of perjury, that all of the information stated above and included on or within this form, including my litigation history, is true and correct" without any qualification, *id.* at 32.

Florida. *See Runge v. DeSantis*, 2023 WL 5532146, at *1 (N.D. Fla. Aug. 28, 2023) (rejecting prisoner's argument that his failure to disclose prior case should be excused because his prison officials lost or destroyed his legal materials and explaining that "if for whatever reason Plaintiff no longer has a list of his prior cases, 'he can (and should) request [that information] from the appropriate clerks' offices before filing a new case.'" (quoting *Bashir v. Meherg*, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022)) (alteration in original)).

Finally, with respect to Plaintiff's request that he be allowed file a second amended complaint listing the cases that he omitted, "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form." *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020); *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Accordingly, it is **ORDERED** this:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2.      This case is **DISMISSED without prejudice** as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

3.      The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 29th day of December, 2023.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**